1  Jeffrey T. Sprung, WSBA #23607
   Kristin Beneski, WSBA #45478
2  Paul M. Crisalli, WSBA #40681
   *Assistant Attorneys General*
3  ROBERT W. FERGUSON
   ATTORNEY GENERAL
4  Washington Attorney General's Office
   800 Fifth Avenue, Suite 2000
5  Seattle, WA 98104
   (206) 464-7744

6

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEX M. AZAR II, et al.,<br><br>    Defendants. | NO. 1:19-cv-3040-SAB<br><br>ALL PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION FOR EXPEDITED HEARING<br><br>Without Oral Argument |
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALEX M. AZAR II, et al.,<br><br>    Defendants. | |

ALL PLAINTIFFS' JOINT
OPPOSITION TO DEFENDANTS'
MOTION FOR EXPEDITED
HEARING
NO. 1:19-CV-3040-SAB

i

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Defendants ask the Court to expeditiously (by Friday, May 10) entertain a motion to stay its preliminary injunction pending appeal. ECF No. 59. Defendants fail to establish good cause to expedite consideration of their motion to stay, which—despite the heavy burden that must be met to justify lifting a preliminary injunction—essentially amounts to a motion for reconsideration that merely rehashes Defendants' previous arguments. *See* ECF No. 58. While the motion to stay lacks merit, it is nevertheless a weighty request that should be briefed and considered with care. The briefing and this Court's ruling will become part of the record on appeal in this case, and should not be artificially and needlessly rushed. The Court should deny Defendants' motion to expedite as requested. If the Court is inclined to consider the motion to stay on an expedited basis, Plaintiffs submit that it should do so no earlier than May 17, 2019.[1]

\* \* \*

Defendants fail to establish the "good cause" required for expedited consideration for several reasons. First, Defendants fail to show that the Motion to Stay Preliminary Injunction is "time sensitive." LCivR 7(i)(2)(C). The

---

[1] Attorneys for both the State of Washington and the NFPRHA Plaintiffs have preexisting conflicts on May 6 and 7 that would hamper their ability to respond to the Motion to Stay by May 9 under Defendants' requested schedule. *See* LCivR 7(i)(2)(C) ("A response memorandum to an expedited motion is due the day before the hearing set for the expedited motion.").

ALL PLAINTIFFS' JOINT
OPPOSITION TO DEFENDANTS'
MOTION FOR EXPEDITED
HEARING
NO. 1:19-CV-3040-SAB

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  preliminary injunction is currently preserving the longstanding status quo and
2  preventing massive disruption to the Title X program while the legality of the
3  Final Rule is being adjudicated, permitting providers and clinics in the meantime
4  to continue delivering Title X family planning services to patients in need as
5  Congress intended, subject to the same rules and regulations that have been in
6  effect for decades (and that applied when their current grants were awarded).
7  Defendants do not acknowledge this, nor do they offer any concrete reason why
8  the Court should rush to consider disrupting the status quo. Moreover,
9  Defendants' newfound sense of urgency has never been apparent prior to this
10 point. The Trump Administration waited almost 18 months to propose the Final
11 Rule, even though it now argues that that step is legally necessary. Then, more
12 than nine months passed between HHS's publication of a proposed rule on June
13 1, 2018, and its publication of the Final Rule on March 4, 2019. HHS scheduled
14 the Final Rule to go into effect 60 days after publication, on May 3, 2019. While
15 commenters pointed out that this schedule did not allow sufficient time for public
16 comments, agency review, or implementation, for present purposes the
17 11-month-long rulemaking schedule conveys no sense of immediacy on HHS's
18 part. Defendants also waited for more than a week after the Court issued the
19 preliminary injunction on April 25, 2019 to simultaneously move for a stay and
20 seek expedited consideration. Their assertion that any further delay justifies a
21 rapidly accelerated briefing schedule rings hollow.
22

ALL PLAINTIFFS' JOINT
OPPOSITION TO DEFENDANTS'
MOTION FOR EXPEDITED
HEARING
NO. 1:19-CV-3040-SAB

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1	Second, Defendants fail to justify their request that the motion to stay be considered by May 10, 2019, which appears to be an arbitrary deadline. Their sole justification for the request to expedite in general is their "belief" that a preliminary injunction should not have been issued, which in turn is based on HHS's flawed interpretation of section 1008 of Title X. *See* ECF No. 59 at 3. The Court has already preliminarily found that HHS's interpretation is "likely" to be foreclosed by controlling statutes. *See* ECF No. 54 (Order Granting Motions for Preliminary Injunction) at 15. In addition, Defendants' position that expedited consideration is necessary here is inconsistent with their position in other cases challenging the Final Rule: HHS has not moved to stay the preliminary injunction issued in the matter of *California v. Azar*, even though that court too found that the plaintiffs were likely to succeed on the merits of their claim that HHS's interpretation of section 1008 is not in accordance with law. 2019 WL 1877392, at *14–26 (N.D. Cal. Apr. 26, 2019). If a stay were really so urgent, then presumably HHS would have moved to stay the California injunction as well as this one, particularly since "California's Title X network is the largest in the nation," and plaintiff Essential Access Health is "California's sole Title X grantee." *Id.* at *7. In any event, Defendants' "belief" that their position on the merits is correct does not establish good cause for expedited consideration of their motion to stay. Every party in litigation argues that its position is correct. More is required to justify a departure from the procedural rules, but Defendants have nothing more to offer.

ALL PLAINTIFFS' JOINT
OPPOSITION TO DEFENDANTS'
MOTION FOR EXPEDITED
HEARING
NO. 1:19-CV-3040-SAB

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    Third, the gravity of Defendants' request to stay the preliminary injunction
2    (and throw the Title X program into chaos nationwide) merits a considered
3    response that should be briefed on a schedule that is not unnecessarily rushed.
4    Plaintiffs need more than a few days to respond to Defendants' over-length[2]
5    motion to stay, in order to appropriately address the "extraordinary" request for
6    relief therein. *Ruckelhaus v. Monsanto Co.*, 463 U.S. 1315, 1316 (1983)
7    (Blackmun, J., in chambers) (a stay pending appeal is only available under
8    "extraordinary circumstances"); *Washington v. Trump*, 847 F.3d 1151, 1164 (9th
9    Cir. 2017) (a stay pending appeal requires a "strong showing" of likely success
10   on the merits and a likelihood of irreparable injury absent a stay, plus
11   consideration of injury to other parties and the public interest). Plaintiffs' ability
12   to respond on a highly expedited basis is already hampered by counsel's
13   preexisting scheduling conflicts and by the need to address the instant,
14   procedurally noncompliant motion to expedite.[3]

---

16    [2] The motion to stay (ECF No. 58) is five pages over the 10-page limit.
17   *See* LCivR 7(f)(2). Plaintiffs request that the Court strike the over-length motion
18   and require Defendants to promptly re-file a motion that complies with the Local
19   Civil Rules. Alternatively, at the very least, the Court should grant the State of
20   Washington and the NFPRHA Plaintiffs leave to file responses of 15 pages each.
21    [3] A motion to expedite must set a hearing that is "not less than 7 days after
22   the motion's filing." LCivR 7(i)(2)(C). Here, Defendants filed their motion to

ALL PLAINTIFFS' JOINT
OPPOSITION TO DEFENDANTS'
MOTION FOR EXPEDITED
HEARING
NO. 1:19-CV-3040-SAB

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

\* \* \*

In sum, Defendants fail to demonstrate good cause to expedite consideration of their motion to stay the preliminary injunction pending appeal. The Court should deny their motion to expedite as requested. If the Court is inclined to consider the motion to stay on an expedited basis, Plaintiffs request that it do so no earlier than May 17, 2019.

DATED this 6th day of May, 2019.

ROBERT W. FERGUSON
Attorney General

*/s/ Jeffrey T. Sprung*
JEFFREY T. SPRUNG, WSBA #23607
KRISTIN BENESKI, WSBA #45478
PAUL M. CRISALLI, WSBA #40681
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98014
(360) 709-6470
JeffS2@atg.wa.gov
KristinB1@atg.wa.gov
PaulC1@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

---

stay on Friday, May 3 (ECF No. 58), but did not file their motion to expedite (ECF No. 59) or the declaration in support of the motion to stay (ECF No. 60) until Saturday, May 4—less than 7 days before the requested hearing date of May 10.

ALL PLAINTIFFS' JOINT
OPPOSITION TO DEFENDANTS'
MOTION FOR EXPEDITED
HEARING
NO. 1:19-CV-3040-SAB

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION | |
| */s/ Emily Chiang* | |
| EMILY CHIANG, WSBA #50517 | RUTH E. HARLOW* |
| 901 Fifth Avenue, Suite 630 | FIONA KAYE* |
| Seattle, WA 98164 | ANJALI DALAL* |
| echiang@aclu-wa.org | ELIZABETH DEUTSCH* |
| | BRIGITTE AMIRI* |
| | 125 Broad Street, 18th Floor |
| | New York, New York 10004 |
| | (212) 549-2633 |
| | rharlow@aclu.org |
| | fkaye@aclu.org |
| | adalal@aclu.org |
| | edeutsch@aclu.org |
| | bamiri@aclu.org |
| | *Attorneys for NFPRHA Plaintiffs* |

O'MELVENY & MYERS LLP

| | |
|---|---|
| NICOLE M. ARGENTIERI* | SARA ZDEB* |
| JENNIFER B. SOKOLER* | 1625 Eye Street NW |
| BRANDON D. HARPER* | Washington, DC 20006 |
| Times Square Tower | (202) 383-5300 |
| 7 Times Square | szdeb@omm.com |
| New York, NY 10036 | |
| (212) 326-2000 | |
| nargentieri@omm.com | |
| jsokoler@omm.com | |
| bharper@omm.com | |
| *Attorneys for NFPRHA Plaintiffs* | |

MACDONALD HOAGUE & BAYLESS

JOE SHAEFFER, WSBA #33273
705 Second Ave, Suite 1500
Seattle, WA 98104
joe@mhb.com
*Attorneys for NFPRHA Plaintiffs*

*Admitted pro hac vice

---

ALL PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION FOR EXPEDITED HEARING
NO. 1:19-CV-3040-SAB

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

.

## **DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 6th day of May, 2019, at Seattle, Washington.

/s/ Jeffrey T. Sprung
JEFFREY T. SPRUNG, WSBA #23607
Assistant Attorney General

ALL PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION FOR EXPEDITED HEARING
NO. 1:19-CV-3040-SAB

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744