FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendants. | No. 1:19-cv-03040-SAB<br><br><br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL** |
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION, FEMINIST WOMEN'S HEALTH CENTER, DEBORAH OYER, M.D., and TERESA GALL, F.N.P.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of the United States | |

**ORDER DENYING DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL ~ 1**

Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIANE FOLEY, M.D., in her official capacity as Deputy Assistant Secretary for Population Affairs, and OFFICE OF POPULATION AFFAIRS,

    Defendants.

Before the Court is Defendant's Motion to Stay Preliminary Injunction Pending Appeal, ECF No. 58. The motion was heard without oral argument.

Defendants ask the Court to stay the Court's Order granting Plaintiffs' Motions for Preliminary Injunction, ECF No. 54, entered on April 25, 2019. The Order enjoins Defendants from implementing or enforcing in any way the Final Rule published on March 2019 on a nationwide basis. In essence, Defendants are asking the Court to reconsider its earlier ruling and permit the Final Rule to go into effect. *See Nken v. Holder*, 556 U.S. 418, 428 (2009) ("…a stay operates upon the judicial proceeding itself. It does so either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability.").

Recently, the Ninth Circuit was facing this same issue when a district court issued a TRO and the United States asked it to say the TRO pending appeal. *See East Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219 (9th Cir. 2018). There, the Circuit set forth the approach courts should use in determining whether to grant a stay pending appeal:

> A stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if

**ORDER DENYING DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL ~ 2**

> irreparable injury might otherwise result to the appellant.'" *Nken*, 556 U.S. at 427 (2009) (citations omitted). "It is instead 'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" *Id*. at 433 (internal alteration omitted) (*quoting Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion," and our analysis is guided by four factors:
>> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.
>
> *Id*. at 433–34 (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors . . . are the most critical," and the "mere possibility" of success or irreparable injury is insufficient to satisfy them. *Id*. at 434 (internal quotation marks omitted).

*Id.* at 1245-46.

The Court considers the final two factors after it concludes an applicant satisfies the first two. *Id.* at 1236.

Given that the Court has already considered these factors when it granted Plaintiffs' Motions for Preliminary Injunction and concluded it is Plaintiffs, not Defendants, that have a likelihood of success on the merits, and Plaintiffs, not Defendants, that would suffer irreparable harm if the preliminary injunction was not granted, the Court finds that Defendants have not met their burden of showing that a stay in this matter would be appropriate.

//
//
//
//
//
//

**ORDER DENYING DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL ~ 3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Stay Preliminary Injunction Pending Appeal, ECF No. 58, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 3rd day of June 2019.



_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL ~ 4**