Emily Chiang, WSBA No. 50517
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Phone: 206-624-2184
Email: echiang@aclu-wa.org

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>ALEX M. AZAR II, et al.,<br><br>Defendants.<br><br>NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX M. AZAR II, et al.,<br><br>Defendants. | No. 1:19-cv-03040-SAB<br><br>THE NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL<br><br>June 24, 2019<br>Without Oral Argument |

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | i

Defendants ask the Court to stay all district court proceedings (ECF No. 79) ("Mot.") while the Ninth Circuit considers their appeal of this Court's preliminary injunction. But Defendants have not shown they face any hardship from the ordinary course of litigation continuing here or established any other factors that militate in favor of halting district court proceedings. Instead, a stay of proceedings now would contradict the Ninth Circuit's "repeated[] admonish[ment]" that district courts should not delay all further proceedings pending resolution of a preliminary injunction appeal. *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). A stay now would harm Plaintiffs by delaying availability of the full factual record and stopping any progress toward final, permanent relief.

The parties should continue to move forward, as specified by the Court in its May 24, 2019, order (ECF No. 81) and as projected in their joint Rule 26(f) report (ECF No. 71), in order to be prepared for the future cross-dispositive motions. In addition, both the parties and the Court will have more information as of the next, August 1, 2019, status conference, and further necessary steps toward a final determination of Plaintiffs' claims should be scheduled at or after that conference.

## ADDITIONAL PROCEDURAL HISTORY

Beyond Defendants' summary of the case to date, this additional history is relevant to the Court's assessment of Defendants' motion:

On May 13, 2019, the parties filed the Rule 26(f) report. In that report, Defendants committed to producing the Administrative Record on June 24, 2019, and Plaintiffs set forth the immediate next steps that would need to occur after that

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | 1

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

production. In particular, Plaintiffs made clear that after an initial review of the Administrative Record, there may be the need for follow up with Defendants and/or motion practice regarding (i) completing or supplementing the Administrative Record (ECF No. 71 ¶ 6(a)); (ii) other necessary discovery (*Id.* ¶ 6(a)); and/or (iii) issues as to the manner in which the record was produced and its accessibility for the parties and the Court (*Id.* ¶ 11). Plaintiffs also indicated their willingness to consider further extensions of Defendants' deadline to respond to the Complaints and to work with Defendants to propose a schedule for cross-dispositive motions, which can occur once any issues regarding the Administrative Record and discovery are resolved. *Id.* at 7. Plaintiffs suggested that the parties confer with the Court approximately 30-45 days after Defendants' production of the Administrative Record to determine next steps and their timing. *Id.* at 7-8.

The Court then held this matter's first scheduling conference on May 23, 2019, and generally endorsed that sequence of events. The Court scheduled a subsequent conference for August 1, 2019—after Defendants' promised production of the Administrative Record and Plaintiffs' initial review. The Court also explained to the parties that due to the Court's schedule, any new motions filed in this case would not be resolved prior to the August 1 conference.

Defendants filed the present motion to stay all proceedings on May 24, 2019. Next, that same day, Defendants filed an unopposed motion to extend their time to respond to the Complaints (ECF No. 80), which would make their responses due, at the earliest, three weeks after resolution of this stay motion.

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | 2

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

Also on May 24, 2019, the Court issued an order memorializing the occurrence of the May 23 conference; striking the prior, June 24, 2019, date for Defendants' responses to the Complaints and making clear that a new response deadline would be set after the August 1 conference; and confirming that June 24, 2019, is the deadline for Defendants' production of the Administrative Record. In addition, the Court ordered the parties to file a joint status report ten days prior to August 1 that addresses the following:

(1) The need for discovery or supplementation of the record;
(2) The status of Defendants' answer;
(3) The status of Defendants' anticipated motion to stay; and
(4) A proposed schedule for the anticipated Motions for Summary Judgment.

ECF No. 81.

On June 3, 2019, this Court denied Defendants' motion to stay the preliminary injunction pending appeal. ECF No. 82. Defendants filed the opening brief in their appeal of the preliminary injunction in the Ninth Circuit on May 31, 2019. Plaintiffs' opposition brief is due on June 28, 2019, and any reply brief is due within 21 days of that filing.

## STANDARD OF REVIEW

As the Ninth Circuit has summarized,

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

THE NFPRHA PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL
Page | 3

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255; *Lockyer*, 398 F.3d at 1112. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112.

## ARGUMENT

Defendants contend that an immediate stay of all district court proceedings should occur in order to avoid what they portray as imminent substantive deadlines, including responses to the Complaints and merits briefing. Mot. at 6-7. Yet Defendants simultaneously admit that the next stage of this case involves production of the Administrative Record, review of that production, and potential proceedings related to that record or to discovery, as will be necessary for the parties to even be "prepare[d] for merits briefing" of later dispositive motions. *See id.* at 9. This preparatory work must be completed regardless of whether Defendants prevail on their pending interlocutory appeal.

Defendants have identified no harm to them from allowing these next proceedings to continue or from other progress toward final resolution in this Court. Defendants' current motion conflicts with the Ninth Circuit's warnings "not to delay trial preparation to await an interim ruling on a preliminary

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | 4

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

injunction" and that "'disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits,'" because of the limited abuse-of-discretion review and the preliminary factual record involved in an appeal from an early injunction, as here. *California v. Azar*, 911 F.2d at 583-84 (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012)). Plaintiffs, by contrast, would necessarily be harmed by the requested stay, because it would (1) relieve Defendants of any further obligations to cooperate in ensuring that the Administrative Record is complete and available, (2) preclude Plaintiffs from litigating any issues regarding the record or any additional discovery needs, and (3) impede *any* progress toward dispositive motion practice and a final resolution of Plaintiffs' claims for permanent injunctive relief.

      Moreover, Defendants' request for a stay of all proceedings is especially premature when the Ninth Circuit has yet to rule on Defendants' request that it stay the preliminary injunction pending appeal, when Defendants have not yet complied with their commitment to produce the record, and while the parties' scheduling discussions remain ongoing. By August 1, 2019—after the date for production of the Administrative Record, after Plaintiffs have had an initial opportunity to review the record production, and after the Ninth Circuit likely will have ruled on Defendants' stay motion—the parties and this Court will have greater information. An ongoing schedule for the orderly and efficient resolution of the important issues raised in this case should be entered at that time.

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | 5

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

1.  **1. <u>Defendants establish no harm to them from further district court proceedings</u>**.  The proponent of a stay bears the burden of showing that a stay is needed at the current stage of litigation.  *Clinton v. Jones*, 520 U.S. at 708 (rejecting a stay entered prematurely).  On this motion, Defendants have not done so.

    First, Defendants focus on purported merits concerns when this case is not yet ready or poised for merits review.  Defendants face no rapidly approaching deadline to answer or to brief dispositive motions.  By May 23, Plaintiffs had consented to Defendants' request for additional time to respond to the Complaints, as reflected in the motion Defendants filed on May 24; and Plaintiffs have consistently committed to work with Defendants to craft a mutually-agreeable schedule for cross-dispositive motions after any issues concerning the factual record in this case have been resolved.  Nevertheless, in this motion Defendants still cite and attempt to rely upon an eclipsed date of June 24, 2019, which had been the deadline for them to respond to the Complaints *before* Plaintiffs agreed to an extension and before the discussion with the Court during the May 23 status conference made clear that the June date would not control.  Continuing with the extant schedule in this case imposes no harm on Defendants and any further scheduling remains to be determined at the August 1 conference or thereafter.

    Second, Defendants offer no reason to stay the necessary next steps to prepare this case to reach the merits stage, including potential motion practice regarding the completeness of the record, its possible supplementation, necessary discovery, or issues with the manner of production.  Defendants have not and

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | 6

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

cannot explain how they could be harmed from proceeding in the ordinary course of litigation to ensure that the Administrative Record and any appropriate additional facts are available to the parties and the Court.

Finally, each one of the cases on which Defendants rely—to argue "waste" or "potential conflict" in further proceedings—involved a materially different situation than exists here. In those cases, a stay was entered in one, later case because *another independent case or proceeding* had already raised the same issues and was approaching resolution; the stay of the later case avoided different outcomes on the same issues in two *different* matters. *See, e.g.*, *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (holding that entry of stay can be appropriate pending resolution of independent judicial, administrative, or arbitral proceedings, and remanding for district court's consideration of stay pending arbitration); *Washington v. Trump*, 2017 WL 1050354 at *5 (W.D. Wash. Mar. 17, 2017) (staying TRO proceedings where same TRO had been entered in another district court and was already the subject of an expedited Ninth Circuit appeal). In *Washington v. Trump*, moreover, the Court pointedly stayed only the TRO motion, which raised the same issues in the same TRO procedural posture as the other matter in which a TRO was already on appeal, and but did "not stay any other aspect of [that] litigation" in the district court. 2017 WL 1050354 at *5.

None of Defendants' cases support enjoining district court proceedings to complete the factual record or to otherwise progress toward a permanent merits determination during the appeal of a preliminary injunction in that same case, which appeal will be decided on a different record and under a different standard

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | 7

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

(abuse of discretion) than the ultimate merits. To the contrary, as noted *supra*, the Ninth Circuit has cautioned against staying all district court proceedings pending resolution of a preliminary injunction appeal, both because such appeals typically provide little guidance on permanent disposition of the claims and because significant litigation steps remain: The preliminary injunction appeal affects "'the rights of the parties only until the district court renders judgment on the merits of the case, at which time the losing party may again appeal.'" *Melendres v. Arpaio*, 695 F.3d at 1003 (9th Cir. 2012) (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)) (praising district court for moving toward final disposition while preliminary injunction on appeal); *see also California v. Azar*, 915 F.3d at 583-84.

2. <u>Plaintiffs would be harmed by a stay</u>. Defendants have also failed to show the absence of any "possible damage" to Plaintiffs from the requested stay. *Lockyer*, 398 F.3d at 1110-12. A stay would obviously cause Plaintiffs harmful delay in reaching final resolution of their claims. It would expose them to considerable risk of other damage too, because Defendants continue to press the Ninth Circuit for the preliminary injunction itself to be stayed. If Defendants should prevail in that request, Plaintiffs need to be free to pursue new interim relief or permanent relief without any impediment or delay. But a stay of all proceedings in the district court now will create such an impediment, prevent the factual record from being finalized, defer any discovery or other pre-merits disputes, likewise delay merits briefing, and hamper Plaintiffs' ability to bring this case to a final resolution.

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | 8

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

Defendants are incorrect that a stay of the preliminary injunction "could be based only upon" Ninth Circuit determinations that Plaintiffs would suffer no harm from the Final Rule taking effect and do not satisfy "the factors for obtaining preliminary injunctive relief." Mot. at 8-9. Defendants themselves argue in their stay motion to the Ninth Circuit that the District Court supposedly applied the "wrong" legal standard for "likelihood of success" on preliminary injunction motions. Ninth Cir. Case No. 19-35394, Dkt. No. 9 at 8-9. Were the Ninth Circuit to agree with Defendants' argument and enter a stay pending this Court's reconsideration under a different legal standard, that development would not mean—contrary to Defendants' assertions—that no preliminary injunction is warranted and that no harm will come to Plaintiffs without one, Mot. at 8-9. This Court has already determined that Plaintiffs, in fact, *are* likely to suffer irreparable injury, and that Plaintiffs have submitted "substantial evidence" of that harmful impact, if a preliminary injunction does not remain in place. ECF No. 54 at 16-17. A stay of all district court proceedings should not be erected now as a new roadblock to Plaintiffs' continuing to protect themselves against such irreparable harm, should further proceedings in this Court be necessary to do that.

In addition, and even assuming the preliminary injunction stays in place pending appeal, a stay of all proceedings in this Court would harm Plaintiffs by causing unnecessary delay in preparing their case for its ultimate, merits disposition. The Supreme Court has emphasized that a "lengthy and categorical stay [that] takes no account whatever of the [plaintiff's] interest in bringing the case to trial," like the one Defendants request here, is inappropriate. *Clinton v.*

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | 9

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

*Jones*, 520 U.S. at 707. In the *Clinton* case, the Court also emphasized that delay of the final merits proceeding, there a trial, was at a minimum premature since the litigation had not yet reached that stage. *Id.* at 708. The same is true here: Plaintiffs have important interests in maintaining their ability to pursue whatever motion practice, discovery, or record supplementation may be necessary to complete the relevant factual record, and to prepare their case for final dispositive motion practice—a later and final stage of the case for which there is not yet any schedule. *See Clinton*, 520 U.S. at 707. Plaintiffs should not, as Defendants propose, be barred from any further steps toward timely permanent resolution.

3. <u>The parties should continue to confer with regard to future scheduling</u>. This opposition to Defendants' stay motion is due almost two months before the August 1, 2019, status conference and the planned discussion then of the necessary next steps in this Court. In the meantime, Defendants are due to produce the Administrative Record and Plaintiffs will conduct their initial review. While this litigation needs to continue to move forward, Plaintiffs agree with Defendants that efforts should be made to do that fairly and efficiently, *see* Mot. at 6. Plaintiffs therefore reiterate that they will continue to confer with Defendants about scheduling. The parties will have more information to report to the Court in their status report just prior to the August 1, 2019, status conference.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to stay all further proceedings in this Court pending resolution of Defendants' preliminary injunction appeal should be denied.

THE NFPRHA PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING APPEAL
Page | 10

**AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION**
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

DATED:  June 7, 2019

Joe Shaeffer, WSBA No. 33273
MACDONALD HOAGUE & BAYLESS
705 Second Ave, Suite 1500
Seattle, WA 98104
joe@mhb.com

Nicole M. Argentieri*
Jennifer B. Sokoler*
Brandon D. Harper*
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
212-326-2000
nargentieri@omm.com
jsokoler@omm.com
bharper@omm.com

Sara Zdeb*
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
202-383-5300
szdeb@omm.com

Respectfully Submitted,

By:    s/   Emily Chiang

Emily Chiang, WSBA No. 50517
AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, WA 98164
echiang@aclu-wa.org

Ruth E. Harlow*
Fiona Kaye*
Anjali Dalal*
Elizabeth Deutsch*
Brigitte Amiri*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
212- 549-2633
rharlow@aclu.org
fkaye@aclu.org
adalal@aclu.org
edeutsch@aclu.org
bamiri@aclu.org

*Admitted *pro hac vice*

*Attorneys for NFPRHA Plaintiffs*

THE NFPRHA PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL
Page | 11

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184

# DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED, this 7th of June, 2019, at Seattle, Washington.

/s/    *Emily Chiang*
Emily Chiang, WSBA No. 50517

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Ave, Suite 630
Seattle, WA 98164
(206) 624-2184