Jeffrey T. Sprung, WSBA #23607
Kristin Beneski, WSBA #45478
Paul M. Crisalli, WSBA #40681
*Assistant Attorneys General*
ROBERT W. FERGUSON
ATTORNEY GENERAL
Washington Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 1:19-cv-3040-SAB |
| Plaintiff, | STATE OF WASHINGTON'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS |
| v. | |
| ALEX M. AZAR II, et al., | June 24, 2019 |
| Defendants. | Without Oral Argument |
| NATIONAL FAMILY PLANNING & REPRODUCTIVE HEALTH ASSOCIATION, et al., | |
| Plaintiffs, | |
| v. | |
| ALEX M. AZAR II, et al., | |
| Defendants. | |

STATE OF WASHINGTON'S
OPPOSITION TO DEFENDANTS'
MOTION TO STAY
PROCEEDINGS
NO. 1:19-CV-3040-SAB

i

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

The Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). Defendants' (collectively, HHS) request for an indefinite stay of these proceedings pending appeal of the Court's preliminary injunction disregards the Ninth Circuit's admonitions. HHS fails to meet its burden to show any genuine "hardship or inequity" in moving forward, and disregards the very real harm to the State in stalling these proceedings for all purposes. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Instead, HHS broadly invokes the fact of its appeal, and this Court's discretion to efficiently manage its docket, which are insufficient reasons to impose a stay. Because HHS falls far short of its burden to justify a stay, the Court should deny its Motion (ECF No. 79) (Mot.).

## II. BACKGROUND

This case challenges HHS's unlawful Final Rule,[1] which drastically alters regulations governing the Title X family planning services program in violation of several federal statutes. On April 25, 2019, the Court ruled that Plaintiffs were entitled to a preliminary injunction because "all four factors tip in their favor," finding Plaintiffs were likely to succeed on the merits, presented "substantial

---

[1] Compliance with Statutory Program Integrity Requirements, 84 Fed. Reg. 7714 (Mar. 4, 2019) (to be codified at 42 C.F.R. pt. 59).

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

evidence" showing a likelihood of irreparable harm absent preliminary relief, and demonstrated the balance of equities and the public interest "strongly favors a preliminary injunction[.]" ECF No. 54. The Court preliminarily enjoined HHS from implementing or enforcing the Final Rule in any manner or in any respect and required it to preserve the status quo. *Id.*

At the preliminary injunction hearing, the Court instructed the parties that "I want to be aggressive on moving this case forward" because, given "the interests on both sides," this case "should be decided quickly." Verbatim Report of Proceedings (April 25, 2019) at 10:5–7. On May 13, 2019, the parties filed a Joint Certificate of Rule 26(f) Conference and Proposed Discovery Plan in which, *inter alia*, they agreed to confer and propose a plan for briefing dispositive motions following production of the administrative record, and Plaintiffs stated they would be amenable to further extending HHS's deadline to respond to the Complaints (which may be in the form of a motion to dismiss). ECF No. 71 at 6–7. After holding a scheduling conference, the Court issued an order setting June 24 as the deadline for HHS to produce the administrative record, and striking Defendants' deadline to respond to Plaintiffs' Complaints, with a new deadline to be set after a status conference on August 1. ECF No. 81.

Meanwhile, HHS moved to stay the preliminary injunction pending appeal, ECF No. 58, which Plaintiffs opposed, ECF Nos. 72, 73. On June 3, 2019, the Court denied that motion to stay. ECF No. 82. HHS now moves to stay *all* proceedings in this Court pending its appeal of the preliminary injunction.

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

### III. ARGUMENT

### A. Legal Standard

The option to stay proceedings falls within this Court's discretion to control its docket to promote efficient case resolution, *Landis*, 299 U.S. at 254, but "case management standing alone is not necessarily a sufficient ground" for a stay. *Dependable Hwy. Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). In determining whether to stay proceedings, courts weigh "the competing interests which will be affected by the granting or refusal to grant a stay," including "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

In seeking to stay these proceedings indefinitely, HHS bears the burden of justifying a deviation from the usual course of litigation, in light of the competing interests. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."); *DeMartini v. Johns*, 693 F. App'x 534, 538 (9th Cir. 2017) (party seeking a stay "has the burden to 'make out a clear case of hardship or inequity in being required to go forward,' and the court must weigh the competing interests that will be affected by the granting of or refusal to grant the stay") (quoting *Landis*, 299 U.S. at 255). Where, as here, the

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   requested stay is of indefinite duration,[2] the proponent must demonstrate a
2   "pressing need." *Landis*, 299 U.S. at 255; *see also Dependable Hwy.*, 498 F.3d
3   at 1066 ("Generally, stays should not be indefinite in nature."). Review of an
4   indefinite stay pending appeal is "somewhat less deferential" than the ordinary
5   abuse of discretion standard. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

6   **B.     HHS Fails to Carry Its Burden to Justify an Indefinite Stay**

7   HHS fails to demonstrate that any of the three *CMAX* factors justifies an
8   indefinite stay. Its vague assertion that the Ninth Circuit may provide "guidance"
9   relevant to the final disposition of this case fails to show any "clear . . . hardship
10  or inequity" in moving forward, much less a "pressing need" for a stay. On the
11  other hand, HHS ignores very real threats of harm to the State: an indefinite stay
12  would needlessly hinder any efforts to ensure the administrative record is
13  complete, and may otherwise negatively impact the State's ability to prepare for
14  dispositive motions practice or obtain needed interim relief. Continuing these
15  proceedings as scheduled supports the orderly course of justice, consistent with
16  the Ninth Circuit's instruction that district court proceedings should continue
17  pending a preliminary injunction appeal. *See California v. Azar*, 911 F.3d at 584.

---

19  [2] HHS's requested stay is indefinite, because of the indeterminate time
20  frame in which the Ninth Circuit will hear and decide the preliminary injunction
21  appeal. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (stay pending
22  appeal is "indefinite" and "could remain in effect for a lengthy period of time").

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Staying these proceedings would only delay preparations that will be necessary *regardless* of the outcome of the pending appeal. *See id.*

### 1. HHS fails to demonstrate hardship or inequity justifying an indefinite stay.

HHS cannot obtain a stay absent "a clear case of hardship or inequity" in moving forward with the proceedings in this Court. *Landis*, 299 U.S. at 255. Indeed, because HHS seeks an indefinite stay, it must establish a "pressing need." *Id.* It has not done so—nor could it.

The primary basis for HHS's motion is that proceeding in the absence of "guidance" from the Ninth Circuit will "potentially result in inconsistent rulings" on merits issues. Mot. at 2–3, 6–8. This is not a valid reason for a stay. The threat of inconsistent rulings is unfounded, as courts weigh different considerations for preliminary injunctions and final relief, and appellate review of the former is limited. *See Melendres v. Arpaio*, 695 F.3d 990, 1001–02 (9th Cir. 2012) ("we emphasize that we are reviewing only the content of the preliminary injunction itself, not the reasoning that led to it" under abuse-of-discretion standard); *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017) ("The purpose of such interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward") (citation omitted).

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    Accordingly, the Ninth Circuit has "repeatedly admonished" district courts
2    *not* to stay proceedings on precisely the grounds HHS invokes. *California v.*
3    *Azar*, 911 F.3d at 583. As the Court explained:

> Because of the limited scope of our review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits.

*Id.* at 584 (internal quotation marks omitted) (addressing stay pending appeal of preliminary injunction enjoining enforcement of HHS interim final rule).

HHS's cited authority does not support the all-purpose stay it seeks. *See* Mot. at 8. In both the *Hawaiʻi* and *Washington* cases, the courts stayed their consideration of motions for temporary restraining orders in anticipation of the Ninth Circuit's prompt review of TROs in related cases. *Hawaiʻi v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017). The stays were based on the likelihood that the Ninth Circuit's decision would soon "change[] the applicable law or the relevant landscape of facts that need to be developed." *Washington v. Trump*, 2017 WL 1050354, at *5 (quoting *Hawaiʻi*, 233 F. Supp. 3d at 856). The circumstances here are markedly different. For one, HHS seeks a broad stay of *all* proceedings in this case while the Ninth Circuit reviews the preliminary injunction. *Contra Washington v. Trump*, 2017 WL 1050354, at *5 (staying "consideration of Plaintiffs' TRO motion"; "The court,

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

however, does not stay any other aspect of this litigation."). For another, the Ninth Circuit's review of the preliminary injunction will not change "the applicable law or relevant landscape of facts"; the parties will need to prepare for a *final* adjudication on the merits based the "fully developed factual record" regardless of the Ninth Circuit's review of this Court's interim ruling. *California v. Azar*, 911 F.3d at 584; *see also Melendres*, 695 F.3d at 1001–02.

*Leyva* is likewise inapposite. It permits a stay, where efficient and fair, "pending resolution of independent proceedings which bear upon the case"; there, the Ninth Circuit held that it may be appropriate for the district court to stay employees' non-arbitrable claims pending the resolution of their arbitrable claims against their employer. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Here, by contrast, there are no "independent proceedings" that create a risk of conflicting factual findings or inconsistent legal obligations, as in *Levya*.[3] Again, this case will proceed to a final determination regardless of the Ninth Circuit's decision on the preliminary injunction.

---

[3] Even where such a risk exists, stays are warranted "[o]nly in rare circumstances . . . ." *Landis*, 299 U.S. at 255; *see, e.g.*, *Sanders v. Energy Nw.*, No. 12-CV-0580-TOR, 2013 WL 12212554, at *2 (E.D. Wash. Dec. 4, 2013) (even where pending case may provide clarity, "the orderly course of justice is not promoted by staying the case to await an answer now, before the parties have filed their dispositive motions"); *Embree v. Ocwen Loan Servicing, LLC*, No.

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   Furthermore, even if there were a risk of "inconsistent rulings"—which there is not, given the different applicable standards and "limited" scope of appellate review[4]—such a risk would not justify a stay of *all* proceedings in this case. Merits review is not imminent. No schedule for dispositive motions has been set, and will not be set until—at the earliest—the next status conference scheduled for August 1, 2019. *See* ECF No. 81. As HHS acknowledges, the next step in this case is its production of the "voluminous" administrative record on June 24, which Plaintiffs will have to review *prior* to merits briefing. Mot. at 9. Plaintiffs have indicated they will need at least 30 days just to complete an initial review of the record to assess its adequacy. ECF No. 71 at 5. Meanwhile, the Court has stricken HHS's previous June 24 deadline to respond to Plaintiffs' Complaints (which may take the form of a motion to dismiss). *See* Mot. at 6; ECF No. 81. Plaintiffs have repeatedly indicated they are amendable to further extending the response deadline and are willing to collaborate with HHS on

---

2:17-CV-00156-JLQ, 2017 WL 5632666, at *3 (E.D. Wash. Nov. 22, 2017) (declining to enter indefinite stay pending disposition of case that "could be dispositive" of plaintiff's claims).

[4] Appellate courts apply a "limited and deferential" abuse-of-discretion standard of review for preliminary injunctions. *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1047 (9th Cir. 2007); *see also Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752 (9th Cir. 1982).

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

scheduling matters. *See, e.g.*, ECF No. 71 at 6–7; ECF No. 80. A broad, indefinite stay is too drastic a response to any scheduling-related concerns that may exist.

### 2. An indefinite stay would harm the State.

HHS insists that "Plaintiffs will not suffer any harm from a stay," Mot. at 8, but disregards that a stay would harm the State's ability to prepare its case, unduly delaying the ultimate resolution. As noted above, HHS's deadline to produce the administrative record is June 24, 2019. Plaintiffs have raised the possibility that supplementation of the record and/or discovery may be needed before the case can be resolved on the merits. *See* ECF No. 71 at 5–6. An indefinite stay of all proceedings in this Court would prevent the State from pursuing such efforts—leaving it unable to prepare its case based on the full and complete record, and ultimately delaying the final resolution of its claims, for no valid reason. HHS ignores this completely, and its bare assertion that the State will not be harmed as long as this or another nationwide preliminary injunction remains in place—injunctions that HHS has appealed and asked multiple courts to stay—is meritless. *See* Mot. at 8.

Moreover, if the Ninth Circuit were to overturn or vacate this Court's preliminary injunction, the immediate threat of severe, ensuing harm to Washington and its residents would likely impel the State to swiftly seek relief in this Court, such as an interim or permanent injunction (consistent with any appellate directives). Again, a stay of *all* proceedings pending appeal, which would have to be lifted prior to any further action, would delay the State's efforts

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

to obtain such relief—especially if it had been unable to prepare in the interim with the benefit of the complete record. *Cf. Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (2005) (vacating stay as abuse of discretion; "Unlike the plaintiffs in *CMAX* and *Levya*, who sought only damages for past harm, the Attorney General seeks injunctive relief against ongoing and future harm," establishing "more than just a 'fair possibility' of harm").

### 3. An indefinite stay would undermine the orderly course of justice.

For the reasons discussed above, this case should proceed as currently scheduled. A stay would disrupt the orderly course of justice and unduly harm the State without helping HHS avoid any "hardship or inequity." Merely "being required to defend a suit" does not justify a stay. *Dependable Hwy.*, 498 F.3d at 1066. Moving these proceedings forward promotes efficiency and serves the interests of justice because it enables the parties to prepare for an ultimate determination in this Court—which they must do regardless of the Ninth Circuit's ruling on the preliminary injunction—and accounts for the seriousness of the interests at stake and the need for a timely resolution. *See California v. Azar*, 911 F.3d at 584 (stay pending appeal was inappropriate; "this case could well have proceeded to a disposition without the delay in processing the interlocutory appeal").

## IV. CONCLUSION

The State of Washington respectfully requests that the Court deny Defendants' Motion to Stay Proceedings Pending Appeal.

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

10

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  DATED this 7th day of June, 2019.

ROBERT W. FERGUSON
Attorney General

*/s/ Kristin Beneski*
KRISTIN BENESKI, WSBA #45478
JEFFREY T. SPRUNG, WSBA #23607
PAUL M. CRISALLI, WSBA #40681
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98014
(206) 464-7744
KristinB1@atg.wa.gov
JeffS2@atg.wa.gov
PaulC1@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

11

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

## **DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 7th day of June, 2019, at Seattle, Washington.

*/s/ Kristin Beneski*
KRISTIN BENESKI, WSBA #45478
Assistant Attorney General

STATE OF WASHINGTON'S
OPPOSITION TO MOTION TO
STAY PROCEEDINGS
NO. 1:19-CV-3040-SAB

12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744